■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHNNY THURMAN, Appellant.

Defendant's contention that the trial court should have charged the lesser included offense of criminal possession of a controlled substance in the seventh degree is without merit. Fourth degree possession requires the possession of one-eighth ounce or more of a narcotic drug (Penal Law § 220.09 [1]). Testimony of the police chemist established that defendant, who at the time of his arrest had in his possession 161 vials of cocaine, possessed one-eighth ounce plus 12 grains of cocaine, and, further, that 54 grains equals one-eighth ounce. Defendant argues that because the contents of only 115 of the vials were actually analyzed, the remaining 46 vials containing approximately 26 grains of cocaine should not have been included in the calculations, and that the margin of error in the measurement could be greater than the 12 grains weight over the one-eighth ounce for which allowance was made, because the chemist's calculations were simply estimates based upon average weights of samples tested.

Random sampling of 115 of the 161 vials seized from the defendant was sufficient to establish that each of the vials contained cocaine (see, People v Argro, 37 NY2d 929). Inasmuch as the gross weight of the cocaine taken from the defendant clearly exceeded one-eighth ounce in weight, there is no reasonable view of the evidence that defendant committed the lesser offense of seventh degree possession, but not the greater offense of fourth degree possession (see, People v Glover, 57 NY2d 61). Defendant's contention that the measurements could be inaccurate in view of the chemist's acknowledgement that she did not know when the scale used was last calibrated, is purely speculative and insufficient to allow a "reasonable view" of the evidence warranting a charge as to the lesser included offense (see generally, People v Perez, 154 AD2d 406, lv denied 75 NY2d 774). Indeed, we note that defendant did not challenge the chemist's assertion that a chemist was assigned by the Department to calibrate each

scale. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.