■ The People of the State of New York, Respondent, v Timothy Muldrow, Appellant. [711 NYS2d 649] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress evidence seized

during a search of his apartment. Defendant lacks standing to challenge the entry by police officers into the common hallway area accessible to all tenants and their invitees (*see, People v Bilsky*, 261 AD2d 174, *lv dismissed* 94 NY2d 859; *Mauceri v County of Suffolk*, 234 AD2d 350). Contrary to defendant's contention, the court properly determined that the police officers did not approach defendant's brother with their handguns drawn and that defendant's brother voluntarily consented to the officers' entry into the apartment. There is no basis in this record to disturb the court's resolution of those issues in the People's favor (*see, People v Prochilo*, 41 NY2d 759, 761).

We reject defendant's contention that the court erred in determining that a prosecution witness was competent to provide sworn testimony. "The resolution of the issue of witness competency is exclusively the responsibility of the trial court", and the court's determination should be sustained where, as here, there is no " 'clear abuse of discretionary power' " (*People v Parks*, 41 NY2d 36, 46).

Although the court erred in admitting two hearsay statements, the error is harmless; the proof of defendant's guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (*see, People v Crimmins*, 36 NY2d 230, 242). (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.