■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRADLEY, Appellant. [794 NYS2d 201]—

Appeal from a judgment of the Monroe County Court (John J.

Connell, J.), rendered January 31, 2000. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). County Court properly granted the request of the assistant public defender to be relieved of his representation of defendant based upon a potential conflict of interest arising from the representation of a possible prosecution witness by the Office of the Public Defender (*see generally People v Green,* 145 AD2d 929, 930 [1988]). Contrary to the contention of defendant, he received meaningful representation from both the assistant public defender and the attorney assigned to replace him (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]).

The court properly refused to suppress items of physical evidence obtained as the result of the initial warrantless search of the victim's townhouse. Defendant had moved out of the townhouse prior to the search and thus lacked standing to challenge the search (*see People v Orlando,* 223 AD2d 927 [1996], *lv denied* 88 NY2d 851 [1996]). In any event, the officers who conducted the initial warrantless search "had reasonable grounds to believe that an emergency was at hand and a reasonable basis for associating that emergency with the area searched" (*People v Longboat,* 278 AD2d 836, 836 [2000], *lv denied* 96 NY2d 802 [2001]; *see People v Molnar,* 98 NY2d 328, 334-335 [2002]). Contrary to the contentions in the main brief and the pro se supplemental brief, the court also properly refused to suppress statements and items of physical evidence obtained as the result of the stop and warrantless search of the victim's automobile, which defendant was driving. The Nevada police officer who stopped the automobile had probable cause to believe that defendant had committed a traffic violation and thus properly stopped the automobile (*see People v Robinson,* 97 NY2d 341, 348-349 [2001]). In addition, the officer had received information regarding the disappearance of the victim under suspicious circumstances, which justified his detention of defendant (*see People v Oglesby,* 15 AD3d 888 [2005]). Defendant consented to the search of the trunk of the automobile (*see People v Artis,* 201 AD2d 488, 489 [1994]) and, in any event, the contents of the trunk, including the victim's decomposing body, would inevitably have been discovered during an inventory search required by Nevada law and the relevant police departmental guidelines (*see People v Turriago,* 90 NY2d 77, 86-87 [1997], *rearg denied* 90 NY2d 936 [1997]). The court properly

admitted photographs of the victim in evidence (*see generally People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]; *People v Koberstein*, 262 AD2d 1032, 1033 [1999], *lv denied* 94 NY2d 798 [1999]) as well as evidence of uncharged crimes relevant to defendant's apparent financial motive for killing the victim (*see People v Chase*, 85 NY2d 493, 502 [1995]).

Defendant failed to preserve for our review his contentions that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]), and that the court erred in permitting improper bolstering testimony (*see People v Beverly*, 5 AD3d 862, 866 [2004], *lv denied* 2 NY3d 796 [2004]), in failing to submit manslaughter in the first degree as a lesser included offense of intentional murder (*see People v Borrello*, 52 NY2d 952, 953 [1981]; *see also* CPL 300.50 [2]), and in submitting both murder counts to the jury (*see People v Barnett*, 206 AD2d 862, 863 [1994], *lv denied* 84 NY2d 1028 [1995]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The record does not support the contention of defendant that the court violated his fundamental right to present a defense by refusing to allow him to call a witness in his own behalf (*cf. People v Palmer*, 272 AD2d 891 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.