THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS M. PUCCI, Appellant. [829 NYS2d 340]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 28, 2002. The judgment, upon a jury verdict, convicted defendant of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts) and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel failed to raise an issue on direct appeal that may have merit, i.e., that defendant's trial counsel "was ineffective in failing to obtain a hearing on the suppression of physical evidence" (*People v Pucci*, 27 AD3d 1200, 1200 [2006]). Defendant now appeals de novo from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (former § 265.03 [2]). Defendant contends that Supreme Court erred in refusing to suppress the physical evidence seized by the police without conducting a hearing and that he was denied effective assistance of counsel based on defense counsel's failure to allege facts sufficient to warrant a hearing. We reject those contentions.

Pursuant to CPL 710.60 (3) (a) and (b), a court may summarily deny a suppression motion if the motion papers do not set forth a sufficient legal basis for suppression or the sworn allegations of fact do not as a matter of law support the ground for suppression alleged by the defendant (*see People v Burton*, 6 NY3d 584, 587 [2006]). With respect to the contention of defendant that the court erred in summarily refusing to suppress the physical evidence on the ground that he lacked standing to contest the legality of the search, we note that, as the People correctly contend, we previously held on defendant's direct appeal that the court properly denied the motion without conducting a hearing inasmuch as defendant "failed to support his motion with 'sworn allegations sufficient to raise standing as an issue of fact' " (*People v Pucci*, 5 AD3d 1099, 1099 [2004], *lv denied* 3 NY3d 646 [2004]). With respect to the contention of defendant that he was denied effective assistance of counsel based on the alleged inadequacy of the motion papers, we note

that, after granting defendant's motion for a writ of error co- ram nobis, we expanded the record on appeal to include, inter alia, the supporting deposition of the superintendent of the apartment building where defendant resided. Contrary to defendant's contention, that supporting deposition does not raise an issue of fact requiring a hearing. Indeed, it merely confirmed that defendant lacked standing because he had no le- gitimate expectation of privacy in the storage area where the physical evidence was discovered by the police. The supporting deposition establishes that the storage area was an unsecured common area for use by and accessible to all occupants of the building (*see People v Muldrow*, 273 AD2d 814, 815 [2000], *lv denied* 95 NY2d 891 [2000]; *People v Murray*, 233 AD2d 956 [1996], *lv denied* 89 NY2d 927 [1996]; *People v Siler*, 197 AD2d 842 [1993], *lv denied* 82 NY2d 903 [1993]).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe. We have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.