■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY E. TAYLOR, Appellant. [859 NYS2d 854]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered May 3, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for course of sexual conduct against a child in the first degree to a determinate term of incarceration of 15 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's representation of the victim's father, a prosecution witness, in an unrelated matter. The record establishes that defense counsel first informed defendant of the potential conflict and that County Court thereafter conducted a *Gomberg* inquiry. Defendant agreed following that inquiry to defense counsel's continuing representation, and it thus cannot be said that he was denied effective assistance of counsel based on the potential conflict (*see People v Floyd*, 45 AD3d 1457, 1459-1460 [2007], *lv denied* 10 NY3d 811 [2008]; *People v Walker*, 2 AD3d 1358, 1359 [2003], *lv denied* 3 NY3d 650 [2004]). We reject the further contention of defendant that defense counsel was otherwise ineffective in representing him (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Contrary to defendant's further contentions, the court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]), and the court did not abuse its discretion in restricting the cross-examination of the victim with respect to prior complaints of sexual abuse inasmuch as "defendant provided no basis for his allegation that the prior complaints were false" (*People v Benn*, 213 AD2d 489 [1995], *lv denied* 85

NY2d 969 [1995]; *see People v Sprague*, 200 AD2d 867 [1994], *lv denied* 83 NY2d 877 [1994]). Also contrary to the contention of defendant, the court properly refused to suppress his statement to the police (*see People v Collins*, 43 AD3d 1338, 1339 [2007], *lv denied* 9 NY3d 1005 [2007]).

We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed for course of sexual conduct against a child in the first degree to a determinate term of incarceration of 15 years. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.