■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE DAVIS, Appellant. [924 NYS2d 229]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 7, 2010. The judgment convicted defendant, upon a nonjury verdict, of attempted assault in the first degree, endangering the welfare of a child, menacing in the second degree and aggravated harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Contrary to defendant's contention, his conviction of attempted assault is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's conduct of dousing his intended victim in lighter fluid and threatening to burn her "went far beyond mere discussion of a crime . . . and beyond [threatening] to commit a crime . . . , and even beyond arming [himself] in preparation for a crime" (*People v Mahboubian*, 74 NY2d 174, 191 [1989]; *see generally People v Adams*, 222 AD2d 1124 [1995], *lv denied* 87 NY2d 1016 [1996]; *People v Johnson*, 186 AD2d 363 [1992], *lv denied* 81 NY2d 763 [1992]). Viewing the evidence in light of the elements of the crime of attempted assault in the first degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We also reject defendant's contention that reversal is warranted based upon the court's failure to make a sufficient inquiry whether defendant was aware of the potential risks associated with defense counsel's prior representation of a prosecution witness and whether defendant wished to proceed with defense counsel despite any potential conflict (*see generally People v Gomberg*, 38 NY2d 307, 313-314 [1975]). "[D]efendant failed to meet his burden of establishing that 'the conduct of his defense was in fact affected by the operation of the conflict of interest' " (*People v Smart*, 96 NY2d 793, 795 [2001], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]). Present—Scudder, P.J., Centra, Sconiers, Gorski and Martoche, JJ.