# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**348**

**KA 10-00464**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ANTOINE DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered January 7, 2010. The judgment convicted defendant, upon a nonjury verdict, of attempted assault in the first degree, endangering the welfare of a child, menacing in the second degree and aggravated harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Contrary to defendant's contention, his conviction of attempted assault is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's conduct of dousing his intended victim in lighter fluid and threatening to burn her "went far beyond mere discussion of a crime . . . and beyond [threatening] to commit a crime . . ., and even beyond arming [himself] in preparation for a crime" (*People v Mahboubian*, 74 NY2d 174, 191; *see generally People v Adams*, 222 AD2d 1124, *lv denied* 87 NY2d 1016; *People v Johnson*, 186 AD2d 363, *lv denied* 81 NY2d 763). Viewing the evidence in light of the elements of the crime of attempted assault in the first degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We also reject defendant's contention that reversal is warranted based upon the court's failure to make a sufficient inquiry whether defendant was aware of the potential risks associated with defense counsel's prior representation of a prosecution witness and whether defendant wished to proceed with defense counsel despite any potential conflict (*see generally People v Gomberg*, 38 NY2d 307, 313-314). "[D]efendant failed to meet his

burden of establishing that 'the conduct of his defense was in fact affected by the operation of the conflict of interest' " (*People v Smart*, 96 NY2d 793, 795, quoting *People v Alicea*, 61 NY2d 23, 31).

Entered:  April 29, 2011

Patricia L. Morgan
Clerk of the Court