■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PARKER, Appellant. [922 NYS2d 655]—

Garry, J. Appeal from a judgment of the Supreme Court (R. Sise, J.), rendered April 1, 2010 in Schenectady County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested in June 2009 as the result of a buy/bust operation in the Town of Rotterdam, Schenectady County in which undercover police officers arranged to buy cocaine from codefendant Daniella Gay, who had been identified by a confidential informant as a person seeking to sell narcotics. Two officers met Gay in a shopping plaza parking lot, while others listened to the transaction through a radio device. When the undercover officers expressed interest in buying cocaine, Gay directed them to drive her across the parking lot so she could "meet her man." Upon seeing defendant, she greeted him by name, and defendant asked Gay whether she was "doing her business." Gay responded that she was working on it, removed a small package from her clothing and asked defendant how much it weighed. Defendant responded, "seven." The officers paid Gay $500 for the package, which proved to contain cocaine, and defendant and Gay were arrested. A search of defendant's person disclosed a substantial amount of cash and a plastic bag filled with cocaine.

Defendant was indicted on three counts based upon criminal possession and sale of a controlled substance. County Court (Berke, J.H.O.) conducted a *Mapp* hearing and found that the police had reasonable cause for defendant's arrest. Following a jury trial, defendant was convicted of one count of criminal possession of a controlled substance in the third degree. Defendant moved pursuant to CPL 330.30 (1) to set aside the verdict, contending that probable cause for his arrest was lacking and that the evidence was legally insufficient to establish the weight of the substance found on his person. Supreme Court denied the motion and sentenced defendant to a prison term of three years followed by two years of postrelease supervision. Defendant appeals.

Initially, defendant contends that probable cause for his arrest was lacking because he did not directly participate in the

exchange of drugs and cash between Gay and the police. We disagree. "Probable cause exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed" (*People v Bell*, 5 AD3d 858, 859 [2004] [internal quotation marks and citations omitted]). Such facts and circumstances must make it "more probable than not that a crime has taken place and that the one arrested is its perpetrator" (*People v Brown*, 151 AD2d 199, 203 [1989], *lv denied* 75 NY2d 768 [1989] [internal quotation marks and citation omitted]). An undercover investigator who was in the car with Gay testified that, in his experience, drug dealers often distance themselves from drug transactions by using others to conduct sales on their behalf. He also stated that he believed Gay was acting on defendant's behalf because, unlike drug dealers in the investigator's experience, she did not know the weight of the substance she was carrying and had to consult defendant before she could sell it. The investigator further testified that he understood defendant's use of the word "seven" to mean that the package weighed seven grams—a weight with a street price consistent with the amount the officers paid. The investigator was entitled to draw on his experience and knowledge in concluding that the interaction between Gay and defendant provided reasonable cause for defendant's arrest (*see People v Brown*, 151 AD2d at 203; *People v Hill*, 146 AD2d 823, 824 [1989], *lv denied* 73 NY2d 1016 [1989]). Further, the fellow officer rule entitled the arresting officers, who had not directly observed the transaction, to act on information received from the other officers to establish probable cause for the arrest (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113-114 [1996]; *People v Dowling*, 75 AD3d 838, 840 [2010], *lv denied* 15 NY3d 952 [2010]).

Defendant next contends that the evidence was legally insufficient to support his conviction in that the People failed to prove that the cocaine found on his person weighed one half of an ounce or more (*see* Penal Law § 220.16 [12]; *People v Paige*, 77 AD3d 1193, 1196 [2010], *affd* 16 NY3d 816 [2011]). Relying upon cases addressing the reliability of breathalyzer machines, defendant asserts that calibration records should have been introduced to establish the accuracy of the scale used to weigh the cocaine (*see e.g. People v Freeland*, 68 NY2d 699, 701 [1986]; *People v English*, 103 AD2d 979, 980 [1984]).

We find no reason to impose that requirement in this matter. The forensic scientist who weighed the substance testified that the balances she used for this purpose were tested for accuracy every week by a verification process using standardized weights,

and were calibrated every six months by a service representative. She further testified that there are 28.35 grams in an ounce and approximately $14^{1}/_{4}$ grams in half an ounce, that the substance she tested weighed 27.6 grams, and that it would have been obvious if the scale's accuracy was off by 15 grams. Although she also acknowledged that she did not personally calibrate or verify the scale immediately before weighing the substance, defendant introduced no expert testimony or authority for the proposition that such procedures are required to assure reliability of the weighing device (*compare People v English*, 103 AD2d at 980 n; *see also People v Rotundo*, 194 AD2d 943, 946 [1993], *lv denied* 82 NY2d 726 [1993]). There was no evidence that the scale was malfunctioning or inaccurate. Viewing the evidence in the light most favorable to the People, we find " 'a valid line of reasoning and permissible inferences' " from which the jury could rationally have concluded that the substance found on defendant's person weighed well over the requisite amount (*People v Pearson*, 69 AD3d 1226, 1227 [2010], *lv denied* 15 NY3d 755 [2010], quoting *People v Steinberg*, 79 NY2d 673, 682 [1992]; *compare People v Thurman*, 179 AD2d 382, 383 [1992], *lv denied* 79 NY2d 954 [1992]). Accordingly, defendant's CPL 330.30 challenge to the legal sufficiency of the evidence was properly rejected. Further, viewing the evidence in a neutral light and according the appropriate deference to credibility determinations, we do not find that the jury failed to give the evidence the proper weight (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Flagg*, 30 AD3d 889, 892 [2006], *lv denied* 7 NY3d 848 [2006]).*

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

---

* Although defendant improperly presented the request for review of the weight of the evidence within his challenge to the denial of the CPL 330.30 application (*see People v Carter*, 63 NY2d 530, 536 [1984]; *People v Bridges*, 16 AD3d 911, 913 [2005]), we reach this issue in addressing his appeal from the judgment of conviction.