(February 16, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONE LOVEJOY, Appellant. [938 NYS2d 377]—

Rose, J.

On his appeal, defendant challenges the denial of his suppression motion, contending that the cocaine seized in December should have been suppressed because the police lacked probable cause to arrest him. We disagree. "Probable cause exists when an officer has knowledge of facts and circumstances 'sufficient to support a reasonable belief that an offense has been or is being committed' " (*People v Maldonado*, 86 NY2d 631, 635 [1995], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]; *see People v Parker*, 84 AD3d 1508, 1509 [2011]). Here, police officers were performing surveillance on defendant's three-story, six-unit apartment building in November 2007. Defendant lived on the second floor and shared a rear porch with another apartment on his floor. A common stairwell connected the porch to both the ground level and to the third floor porch. An investigator, through binoculars, observed defendant engage in what he believed was a hand-to-hand drug transaction on the second floor porch. After defendant re-entered his apartment, a police canine climbed the stairwell to the second floor porch and indicated the presence of narcotics located there. The police seized the narcotics from the porch and identified defendant in his apartment, although they did not arrest him. Based upon their observations and seizure of narcotics, the police had a reasonable belief that defendant had committed a crime, giving them probable cause to arrest him 13 days later without a warrant when they encountered him on the street (*see* CPL 140.10 [1] [b]; *People v Parker*, 84 AD3d at 1509; *People v Williams*, 25

AD3d 927, 928-929 [2006], *lv denied* 6 NY3d 840 [2006]; *People v Bell*, 5 AD3d 858, 859 [2004]). Also, County Court properly concluded that defendant did not have standing to challenge the search and seizure on the porch because it was a common area accessible to other tenants and their guests (*see People v Rodriguez*, 69 NY2d 159, 163-164 [1987]; *People v Wemette*, 285 AD2d 729, 729-730 [2001], *lv denied* 97 NY2d 689 [2001]; *People v Muldrow*, 273 AD2d 814, 815 [2000], *lv denied* 95 NY2d 891 [2000]).

Finally, defendant contends that his plea of guilty was coerced because he was required to proceed on the December charge prior to the trial of the November charge. Again, we must disagree because the eventual acquittal on the November charge does not affect the existence of probable cause for the December arrest in light of the differing standards for probable cause and proof beyond a reasonable doubt (*see People v Williams*, 89 AD3d 1222, 1223-1224 [2011]; *People v Lepard*, 83 AD3d 1214, 1216 [2011]; *People v Laltoo*, 22 AD3d 230 [2005]). Moreover, the record reveals that County Court fully advised defendant of the consequences of his plea, defendant had the opportunity to discuss the matter with his attorney and he expressed to the court that he understood the repercussions and was voluntarily and unequivocally admitting to the commission of the crime. Under these circumstances, County Court properly concluded that defendant's plea was knowingly and voluntarily entered (*see People v Smith*, 89 AD3d 1328, 1328 [2011]; *People v Moreno*, 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]; *People v Taylor*, 82 AD3d 1291, 1292 [2011], *lv denied* 16 NY3d 900 [2011]).

Mercure, A.P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.