# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

91
KA 14-01328
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VERNON THOMAS, DEFENDANT-APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

VERNON THOMAS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered June 24, 2014. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Defendant failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence, inasmuch as he moved for a trial order of dismissal on a ground different from that raised on appeal (*see People v Scott*, 61 AD3d 1348, 1349, *lv denied* 12 NY3d 920, *reconsideration denied* 13 NY3d 799). In any event, we reject defendant's present contention. By throwing gasoline on the victim and threatening to burn her while he held a lighter in his hand, defendant went "beyond mere preparation to the point that his conduct was potentially and immediately dangerous" (*People v Denson*, 26 NY3d 179, 192; *see People v Davis*, 83 AD3d 1492, 1492, *lv denied* 17 NY3d 815, *reconsideration denied* 17 NY3d 903; *see also People v Adams*, 222 AD2d 1124, 1124, *lv denied* 87 NY2d 1016). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We conclude that any error in Supreme Court's *Sandoval* ruling is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant

would have been acquitted but for the error (*see People v Grant*, 7 NY3d 421, 424-425).  Contrary to defendant's further contention, we conclude that the court properly allowed the People to present evidence that he engaged in uncharged criminal conduct immediately before and after the attempted assault.  That evidence was properly admitted "to complete the narrative of the events charged in the indictment" (*People v Leeson*, 48 AD3d 1294, 1296, *affd* 12 NY3d 823) and, in any event, the court provided the jury with an appropriate limiting instruction, thereby minimizing any potential prejudice to defendant (*see People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922).  We reject defendant's contention that he was denied effective assistance of counsel based upon his attorney's failure to cross-examine the People's domestic violence trauma expert (*see People v Philbert*, 267 AD2d 607, 607-608, *lv denied* 94 NY2d 905; *People v Almanzar*, 188 AD2d 654, 655, *lv denied* 81 NY2d 881).  Contrary to defendant's further contention, the court properly denied his motion to set aside the verdict pursuant to CPL 330.30 (3) without conducting a hearing.  Defendant failed to show that the allegedly new evidence could not have been discovered earlier in the exercise of reasonable diligence (*see People v Sterina*, 108 AD3d 1088, 1091), nor in any event did he show that it was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see People v Simon*, 71 AD3d 1574, 1576, *lv denied* 15 NY3d 757, *reconsideration denied* 15 NY3d 856).  The sentence is not unduly harsh or severe.

We have examined defendant's contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court