# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

30
KA 14-00580
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JAMES D. PANDAJIS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES D. PANDAJIS, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 30, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: These consolidated appeals arise from an incident in which a man wearing a mask took money from a convenience store. Defendant appeals, in appeal No. 1, from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]). In appeal No. 2, he appeals from an amended order denying his CPL 440.30 (1-a) motion seeking DNA testing of certain evidence that was introduced at the trial that led to the conviction in appeal No. 1. In appeal No. 1, defendant contends in his main brief that he was deprived of effective assistance of counsel because defense counsel had a conflict of interest. We conclude that County Court did not abuse its discretion in permitting defense counsel, an assistant public defender, to represent defendant at trial after the court learned that two other assistant public defenders, who left the public defender's office prior to trial, had previously represented a prosecution witness who testified at defendant's trial.

Contrary to defendant's contention, the above situation does not present "an *actual* conflict—the simultaneous representation of clients whose interests were opposed" (*People v Solomon*, 20 NY3d 91, 97). Furthermore, although there was a potential conflict of interest arising from the prior representation of the prosecution witness by other, former members of trial counsel's office (*see People v Davis*,

83 AD3d 1492, 1492, *lv denied* 17 NY3d 815, *reconsideration denied* 17 NY3d 903; *People v Taylor*, 52 AD3d 1327, 1328, *lv denied* 11 NY3d 835), the record establishes that the court, upon learning of the potential conflict of interest, conducted an inquiry "to ascertain, on the record, [that defendant] had an awareness of the potential risks involved in his continued representation by the attorney and had knowingly chosen to continue such representation" (*People v Lombardo*, 61 NY2d 97, 102; *see generally Solomon*, 20 NY3d at 95; *People v McDonald*, 68 NY2d 1, 8, *rearg dismissed* 69 NY2d 724; *People v Gomberg*, 38 NY2d 307, 313-314).  In addition, defendant has not established that the potential conflict of interest bore "a substantial relation to the conduct of the defense" (*People v Harris*, 99 NY2d 202, 211 [internal quotation marks omitted]), and thus "defendant failed to meet his burden of establishing that 'the conduct of his defense was in fact affected by the operation of the conflict of interest' " (*People v Smart*, 96 NY2d 793, 795, quoting *People v Alicea*, 61 NY2d 23, 31; *see People v Konstantinides*, 14 NY3d 1, 10).  Indeed, defense counsel vigorously cross-examined the prosecution witness at issue and attacked her credibility on several bases, including the convictions that defendant contends were the basis for a conflict of interest.

Also with respect to appeal No. 1, defendant failed to preserve for our review his contention in his main brief that the evidence is legally insufficient to support the conviction inasmuch as his motion to dismiss was not specifically directed at the ground advanced on appeal (*see People v Gray*, 86 NY2d 10, 19; *People v King*, 136 AD3d 1313, 1313, *lv denied* 27 NY3d 1000; *see also People v Hawkins*, 11 NY3d 484, 492).  In any event, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495) and, contrary to defendant's contention in his pro se supplemental brief, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  The record establishes that a DNA sample obtained from saliva recovered from a mask found near the crime scene was compared to a DNA sample provided by defendant.  The People's expert testified that the DNA sample recovered from the mask was consistent with defendant's DNA, and that the chance that the DNA sample came from a person unrelated to defendant was one in 1.27 quintillion.  In addition, the mask was distinctive, was identical to the mask depicted in the store's surveillance video of the crime, was found shortly after the crime, was generally located between the crime scene and defendant's residence, and appeared from its condition to have been left at that location recently.  Although the eyewitness did not identify defendant as the masked person who robbed the store, the evidence at trial established that defendant generally fit the eyewitness's initial description of the perpetrator in terms of age, race, height, weight and build, and his appearance was generally consistent with the appearance of the perpetrator on the surveillance video.

Contrary to defendant's contention in his main brief with respect to appeal No. 2, the court properly denied his CPL 440.30 (1-a) motion seeking DNA testing of other parts of the mask and a hair fragment found in it. Here, in support of his motion, "[d]efendant failed to establish that if DNA tests had been conducted on [the mask] and the results had been admitted at his trial that 'there exists a reasonable probability that the verdict would have been more favorable to' him" (*People v Mixon*, 129 AD3d 1509, 1509, *lv denied* 26 NY3d 1090, *cert denied* ___ US ___, 136 S Ct 2016; *see People v Workman*, 72 AD3d 1640, 1640, *lv denied* 15 NY3d 925, *reconsideration denied* 16 NY3d 838).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court