The People of the State of New York, Respondent, v Michael J. Cooper, Appellant. [57 NYS3d 816]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 11, 2013. The judgment convicted defendant, upon a nonjury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim's testimony established that defendant engaged in two or more acts of sexual conduct with her over more than three months in duration, and her testimony was not incredible as a matter of law (*see generally People v Dupleasis*, 112 AD3d 1318, 1319 [2013], *lv denied* 22 NY3d 1138 [2014]; *People v Meacham*, 84 AD3d 1713, 1715 [2011], *lv denied* 17 NY3d 808 [2011]). In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant contends that he was denied effective assistance of counsel because defense counsel failed to move to suppress certain evidence obtained from underneath the porch of his former residence. We conclude that "the record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel was ineffective for failing to make that motion and thus, defendant's contention must be raised by way of a motion pursuant to CPL article 440" (*People v Walter*, 138 AD3d 1479, 1480 [2016], *lv denied* 27 NY3d 1141 [2016]). Indeed, the testimony at the trial suggested that defendant may not have had standing to bring such a motion inasmuch as he may not have lived at the residence at the time of the search (*see People v Bradley*, 17 AD3d 1050, 1051 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Sapp*, 280 AD2d 906, 906 [2001], *lv denied* 96 NY2d 834 [2001]), and the area of the search was a common area accessible to other tenants of the building (*see People v Lovejoy*, 92 AD3d 1080, 1082 [2012]; *see also People v Pucci*, 37 AD3d 1068, 1069

[2007], *lv denied* 8 NY3d 949 [2007]). We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to cross-examine two of the witnesses who testified at trial (*see People v Thomas*, 136 AD3d 1390, 1391 [2016], *lv denied* 27 NY3d 1140 [2016], *denied reconsideration* 28 NY3d 974 [2016]; *People v Lewis*, 67 AD3d 1396, 1396-1397 [2009], *lv denied* 14 NY3d 772 [2010]). We have examined the remaining allegations of ineffective assistance of counsel raised by defendant and conclude that they lack merit. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.