People v Bloodworth (2020 NY Slip Op 00779)





People v Bloodworth


2020 NY Slip Op 00779


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1281 KA 18-00170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHEVOCKIE BLOODWORTH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered May 26, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), we reject defendant's contention that County Court erred in admitting in evidence a black knit hat and a blue latex glove. Insofar as defendant contends that the items should have been excluded as irrelevant because the People failed to establish their connection to the robbery, we conclude that the court did not err in admitting the evidence inasmuch as the connection between the items and the robbery was "not so tenuous as to be improbable" (People v Flowers, 166 AD3d 1492, 1495 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]; see People v Mirenda, 23 NY2d 439, 453-454 [1969]; People v Dasch, 79 AD2d 877, 878 [4th Dept 1980]). Security camera footage of the robbery depicted one of the robbers wearing a dark colored hat and a blue glove, on the night of the crime police recovered a black knit hat and a blue latex glove a short distance from the scene of the robbery, and defendant's DNA was found on both items. Defendant's further contention that the People failed to lay an adequate foundation for admission of the hat and the glove is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Davidson, 111 AD3d 848, 848 [2d Dept 2013], lv denied 22 NY3d 1087 [2014]) and, in any event, lacks merit (see generally People v Moyer, 186 AD2d 997, 997-998 [4th Dept 1992], lv denied 81 NY2d 844 [1993]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Pandajis, 147 AD3d 1469, 1470-1471 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). Security camera footage depicted the individual alleged to be defendant taking money from a cash register with his left hand while wearing a navy blue winter jacket, a dark winter hat, a blue glove, and a mask. A navy blue jacket, a black knit hat, and a blue latex glove were thereafter recovered near the crime scene, and each was connected to defendant through DNA evidence. Further, defendant's ex-wife testified that the mask depicted in the security footage looked similar to one that she and defendant purchased together, that defendant had access to blue latex gloves at the time of the robbery, and that defendant had limited use of his right hand.
Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Williams, 125 AD3d 1300, 1302 [4th Dept 2015], lv denied 26 NY3d 937 [2015]). We reject defendant's contention that his sentence is unduly harsh and severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court