People v McKenzie-Smith (2020 NY Slip Op 05653)





People v Mckenzie-smith


2020 NY Slip Op 05653


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


773 KA 14-02245

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KESEAN R. MCKENZIE-SMITH, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 19, 2013. The judgment convicted defendant upon a jury verdict of murder in the second degree, robbery in the first degree (three counts) and attempted robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law
§ 125.25 [3]), defendant contends that the conviction is not supported by legally sufficient evidence with respect to the element of identity. We reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise conclude that the verdict is not against the weight of the evidence with respect to identity (see People v Bloodworth, 179 AD3d 1534, 1535 [4th Dept 2020], lv denied 35 NY3d 993 [2020]; People v Thomas, 176 AD3d 1639, 1640-1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that his right to be present during questioning of prospective jurors regarding "bias, hostility, or predisposition to believe or discredit the testimony of potential witnesses" was violated (People v Antommarchi, 80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]). At the start of jury selection, there was no discussion of defendant's right to be present at the bench during sidebar conferences with prospective jurors, nor did defendant waive that right during the first pass of jury selection. During that pass, Supreme Court excused a prospective juror for cause, and defendant's counsel exercised a peremptory challenge to another prospective juror, both of whom had approached the bench for side bar conferences with the court and counsel. After that pass, the prosecutor noted the lack of an Antommarchi waiver.
With respect to the prospective juror excused by the court for cause, it is well settled that "reversal is not required where the defendant's attorney does not exercise a choice to exclude a prospective juror, such as where a prospective juror is excused for cause" (People v Wilkins, 175 AD3d 867, 868 [4th Dept 2019], lv granted — AD3d — [Oct. 8, 2019] [4th Dept 2019]). Here, although defense counsel stated that he did not oppose excusing the juror for cause, "the court had already made its determination when that statement was made, and thus 'defendant's presence [at the conference regarding that prospective juror] could not have afforded him . . . any meaningful opportunity to affect the outcome' " (id., quoting People v Roman, 88 NY2d 18, 26 [1996], rearg denied 88 NY2d 920 [1996]).
A second prospective juror was peremptorily excused by defendant's counsel, however, and, during a sidebar conference at which defendant was not present, that juror was questioned "to search out [her] bias, hostility or predisposition to believe or discredit the testimony of potential witnesses" (Antommarchi, 80 NY2d at 250). Consequently, we conclude that, "absent a knowing and voluntary waiver by defendant of his right to be present at that sidebar conference, his conviction cannot stand" (People v McAdams, 22 AD3d 885, 886 [3d Dept 2005]). The only evidence in the record concerning a waiver consists of a conversation between the court, defendant's counsel and codefendant's counsel that occurred after the prospective juror was excused, in which codefendant's counsel indicated that he had just discussed with codefendant the right to approach the bench during such conferences, and defendant's counsel merely assented. Inasmuch as the discussion was vague and prospective, and there is no indication that defendant or defendant's counsel were waiving defendant's Antommarchi rights retrospectively, that conversation is insufficient to establish that defendant waived those rights concerning the questioning of the prospective juror at issue here. We therefore reverse the judgment of conviction and grant a new trial.
We have considered defendant's remaining contentions and conclude that they lack merit, or they are academic in light of our determination.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court