■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH B. PHILLIPS, Also Known as BUCKY PHILLIPS, Appellant. [896 NYS2d 241]—

Kavanagh, J. Appeals (1) from a judgment of the County Court of Chemung County (Buckley, J.), rendered December 20, 2006, convicting defendant upon his plea of guilty of the crimes of attempted aggravated murder, attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree, and (2) by permission, from an order of said court, entered August 15, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, after he had escaped from the Erie County jail, was involved in three separate shootings where he fired at police officers killing one and wounding two others. Here, on June 10, 2006, while driving a stolen vehicle in the Town of Veteran, Chemung County, defendant shot State Trooper Sean Brown, seriously wounding him. After he was apprehended in Pennsylvania, defendant was charged with numerous crimes in connection with this shooting, and ultimately pleaded guilty to attempted aggravated murder, attempted murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree.[1] Prior to sentencing, defendant moved to withdraw his plea arguing, among other things, that he was innocent and coerced into entering a guilty plea. County Court denied the motion and sentenced defendant to an aggregate prison term of 40 years to life, plus five years of postrelease supervision.[2] Defendant, in a CPL 440.10 motion to vacate his judgment of conviction, renewed his claim that his guilty plea was coerced and also argued that he had been denied the effective assistance of counsel. After County Court denied this motion without a hearing, defendant filed these appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant argues that County Court should have conducted a hearing prior to deciding his motion to withdraw his guilty plea. Such a hearing " 'is required only where the record presents a genuine question of fact as to [the] voluntariness' " of the guilty plea (*People v Atkinson*, 58 AD3d 943, 943 [2009], quoting *People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002]; *see People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d

---

**1.** While at large, defendant also burglarized a gun shop located in Chautauqua County and stole a large cache of weapons. He later shot two State Troopers, killing Joseph Longobardo and seriously wounding Donald Baker. An indictment was subsequently filed in Chautauqua County charging defendant with aggravated murder, murder in the first degree, attempted aggravated murder, attempted murder in the first degree and burglary in the second degree. Additional charges were also lodged against defendant in Erie County in regard to his escape from a correctional facility.

**2.** In connection with this plea agreement, defendant also pleaded guilty to aggravated murder and attempted aggravated murder in Chautauqua County and escape in the first degree in Erie County. Sentences of 40 years to life and life without parole were imposed in Chautauqua County and 25 years to life in Erie County, all of which were to be served consecutively to the sentence imposed in this action.

741 [2008]). A fair reading of the content of defendant's plea allocution conclusively demonstrates that he made a knowing, voluntary and intelligent decision to enter a guilty plea and there is a complete absence of any indication that defendant was fraudulently induced or in any way coerced into entering his guilty plea (*see People v Carmona*, 66 AD3d 1240, 1241 [2009]; *People v Pelkey*, 63 AD3d 1188, 1190 [2009], *lv denied* 13 NY3d 748 [2009]).[3]

As for his claim of innocence, defendant does not deny firing a shot at Brown, but claims that when he pulled the trigger, he did not harbor the intent to kill him. This rather belated assertion stands in stark contrast to the clear and unambiguous admissions of guilt on this issue that defendant made during his plea allocution. In particular, defendant admitted that when he was stopped by Brown, he was an escapee on parole, driving a stolen car and was concerned that he would be arrested as a fugitive. He confirmed that when he fired the shot at Brown, he knew that Brown was a police officer and did so with the intent to kill him. Defendant, during a comprehensive and detailed plea allocution, made similar admissions as to the other charges to which he entered a guilty plea. As there is a complete lack of any credible evidence in the record to support defendant's belated claims of innocence, we find that County Court did not abuse its discretion in denying his application to withdraw his guilty plea without a hearing (*see People v Rosseter*, 62 AD3d 1093, 1093-1095 [2009]; *People v First*, 62 AD3d 1043, 1044 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Thomas*, 50 AD3d 1315, 1316 [2008]).

As for his claim of duress, defendant repeatedly assured County Court during his plea allocution that he had not been threatened or coerced by anyone in connection with the plea and that he entered the plea after being provided with a full and fair opportunity to confer with counsel. While defendant now claims that he only pleaded guilty in return for a promise that charges against members of his immediate family would be dismissed, such "a plea agreement is not inherently coercive or invalid simply because it affords a benefit to a loved one, as long as the plea itself is knowingly, voluntarily and intelligently

---

**3.** Similar motions made by defendant in Chautauqua County and Erie County were also denied and each of those orders, as well as the underlying convictions, were affirmed on appeal (*People v Phillips*, 56 AD3d 1163 [2008], *lv denied* 12 NY3d 761 [2009] [Chautauqua County]; *People v Phillips*, 56 AD3d 1168 [2008], *lv denied* 11 NY3d 928 [2009] [Erie County]).

made" (*People v Etkin*, 284 AD2d 579, 580 [2001], *lv denied* 96 NY2d 862 [2001]; *see People v Pelkey*, 63 AD3d at 1189-1190).[4]

Finally, defendant's claim that he did not receive the effective assistance of counsel is belied by the record. During the plea allocution, defendant acknowledged not only that he was satisfied with counsel's efforts on his behalf, but that his counsel had spent considerable time answering his questions, explaining the applicable law and discussing what options were available given that charges were pending against him in three different jurisdictions. In addition, we note that counsel secured a plea bargain for defendant that included a favorable disposition of charges against members of defendant's family and made effective motions on his behalf during the criminal proceedings. Simply stated, nothing in the record supports defendant's claim that he was denied meaningful representation and, therefore, his CPL 440.10 motion was properly denied (*see People v Singletary*, 51 AD3d at 1335; *see also People v Leonard*, 63 AD3d 1278, 1278 [2009], *lv denied* 13 NY3d 797 [2009]; *People v Hyson*, 56 AD3d 890, 891-892 [2008], *lv denied* 12 NY3d 758 [2009]).

Cardona, P.J., Mercure, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.

---

**4.** As part of the plea agreement, the District Attorney agreed not to prosecute defendant's ex-girlfriend for hindering prosecution or his daughter for endangering the welfare of a child and resisting arrest.