■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVELL J. SMITH, Appellant. [911 NYS2d 188]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 23, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to burglary in the second degree in full satisfaction of a three-count indictment, pursuant to a plea agreement that included a waiver of the right to appeal. He was sentenced to a prison term of eight years, to be followed by five years of postrelease supervision, and ordered to pay restitution. Defendant now appeals.

We affirm. Initially, although defendant challenges the validity of his appeal waiver, his claim that his plea was not knowingly, intelligently or voluntarily entered survives any waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Volfson*, 69 AD3d 1123, 1124 [2010]). Specifically, defendant contends that his plea was not knowingly entered due to his alleged confusion as to how his sentence for this crime would run with respect to a pending sentence for unrelated crimes in Rensselaer County Court. We disagree. Our review of the record discloses that defendant understood that he was to receive a sentence of eight years in prison, to be followed by five years of postrelease supervision, for this conviction in Albany County. County Court further noted that it had been informed by defense counsel that there was an agreement that the pending sentence in Rensselaer County would be imposed so as to run concurrently with the sentence imposed under this conviction. Inasmuch as Albany County Court subsequently imposed the agreed-upon sentence and the record reflects that defendant understood the nature and consequences of the plea, including

the rights he was relinquishing, and freely admitted his guilt, we are satisfied that defendant's plea was knowingly, voluntarily and intelligently entered (*see People v Creech*, 56 AD3d 899, 900 [2008], *lv denied* 12 NY3d 815 [2009]; *People v Stokely*, 49 AD3d 966, 967 [2008]).

Defendant further argues that County Court should have allowed him to withdraw his plea, which also would survive any appeal waiver (*see People v Mitchell*, 73 AD3d 1346, 1347 [2010]). However, "[w]here a defendant has been fully informed of the rights he is waiving by pleading guilty and proceeds to admit the facts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (*People v Paulk*, 142 AD2d 754, 754 [1988], *lv dismissed* 72 NY2d 960 [1988]; *accord People v Thomas*, 25 AD3d 879, 880 [2006], *lv denied* 6 NY3d 853 [2006]). Here, defendant's request to vacate his plea was based solely on conclusory and unsupported claims of innocence which contradict his sworn plea admissions. Thus, County Court properly rejected it.

Finally, contrary to defendant's contention, the record reveals that he validly waived his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Gomez*, 50 AD3d 1391, 1391 [2008], *lv denied* 11 NY3d 736 [2008]).

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.