(April 28, 2011)

█ The People of the State of New York, Respondent, v Joshua A. Shurock, Appellant. [920 NYS2d 862]—

Garry, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered May 24, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to burglary in the second degree, waived his right to appeal and was furloughed pending sentencing. After violating the terms of his conditional release, defendant was returned to County Court on a bench warrant, at which time he expressed his desire to withdraw his plea—a request he renewed at sentencing. County Court denied defendant's motion and sentenced him as a second felony offender to the agreed-upon prison term of five years followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Preliminarily, we find that defendant validly waived his right to appeal. County Court explained the appeal rights being waived, and defendant indicated that he both understood the rights being forfeited and had been given sufficient time to confer with counsel. Under these circumstances, defendant's refusal to sign the written waiver of appeal presented to him at sentencing did not render his prior oral waiver

ineffective (*see People v Mattison*, 74 AD3d 1495, 1495-1496 [2010], *lv denied* 15 NY3d 922 [2010]).*

Turning to the merits, although defendant's challenge to the voluntariness of his plea survives his valid appeal waiver and, further, has been preserved for our review by his motion to withdraw his plea (*see People v Ortiz*, 69 AD3d 966, 967 [2010]; *People v Wyant*, 47 AD3d 1068, 1069 [2008], *lv denied* 10 NY3d 873 [2008]), we find it to be lacking in merit. The plea allocution reveals that defendant was advised of and understood the charges against him, denied being under the influence of any illegal or controlled substances, expressed his satisfaction with counsel's services and indicated that he was entering into the plea of his own free will. Contrary to defendant's assertion, he "was not required to recite the elements of the crime or engage in a factual exposition" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]), as his affirmative responses to County Court's inquiries, coupled with his own statement, were sufficient to establish his guilt (*see People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]; *see generally People v Board*, 75 AD3d 833, 834 [2010]). Accordingly, we find defendant's plea to be knowing, intelligent and voluntary.

Although the challenge to the summary denial of his motion to withdraw the plea survives defendant's appeal waiver (*see People Smith*, 77 AD3d 1189, 1190 [2010]), it similarly lacks merit. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v De Fabritis*, 296 AD2d 664, 664 [2002], *lv denied* 99 NY2d 557 [2002] [citation omitted]; *see People v Russell*, 79 AD3d 1530, 1530-1531 [2010]). Further, where, as here, "a defendant has been fully informed of the rights he [or she] is waiving by pleading guilty and proceeds to admit the acts constituting the crime, a subsequent protestation of innocence which is not substantiated by any evidence is generally insufficient to support a request for vacatur of the plea" (*People v Thomas*, 25 AD3d 879, 880 [2006], *lv denied* 6 NY3d 853 [2006] [internal quotation marks and citations omitted]; *see People v Smith*, 77 AD3d at 1190; *People v Adams*, 31 AD3d 1063, 1065 [2006], *lv denied* 7 NY3d 845 [2006]). Defendant's conclusory and unsubstantiated assertions of newly discovered evidence were insufficient to support his

---

* We note in passing that although defendant's refusal to execute the written waiver violated the terms of the plea agreement, County Court nonetheless imposed the agreed-upon sentence.

request (see People v Smith, 77 AD3d at 1190; People v Shovah, 67 AD3d 1257, 1258 [2009], lv denied 14 NY3d 773 [2010]; People v Singletary, 51 AD3d at 1334]). We do not find an abuse of discretion in County Court's denial of the motion without a hearing.

Although defendant's ineffective assistance of counsel claim—insofar as it impacts the voluntariness of his plea—is properly before us, we find it unpersuasive. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Singletary, 51 AD3d at 1335 [internal quotation marks and citations omitted]; see People v Carmona, 66 AD3d 1240, 1242 [2009], lv denied 14 NY3d 799 [2010]). Counsel made appropriate pretrial motions and negotiated both a favorable plea and a furlough for defendant pending sentencing. Further, defendant's present claims of coercion are belied by the plea colloquy, as he specifically stated that he had sufficient time to confer with counsel, was satisfied with counsel's services and was pleading guilty of his own free will. Defendant's contentions that counsel did not adequately investigate potential defenses or pursue the possibility of entering defendant in a drug treatment program concerns matters outside the record, which are more properly the subject of a CPL article 440 motion (see People v Lafoe, 75 AD3d 663, 664 [2010], lv denied 15 NY3d 953 [2010]; People v Scitz, 67 AD3d 1251, 1252 [2009]).

Finally, defendant's challenge to the severity of his negotiated sentence is precluded by his valid appeal waiver (see People v Stevens, 80 AD3d 791, 791 [2011]; People v Phelan, 77 AD3d 987, 988 [2010]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.