■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MORENO, Appellant. [927 NYS2d 487]—

Lahtinen, J.

Defendant was charged in a three-count indictment for crimes committed when he allegedly participated with another individ-

ual in the theft of money from a motel in Albany County during which a motel employee was threatened with a knife and tied up. After rejecting initial plea offers, defendant eventually agreed to plead guilty to one count of attempted robbery in the first degree in satisfaction of all charges and in exchange for an agreed sentence of six years in prison with five years of post-release supervision. As part of the plea agreement, defendant waived his right to appeal. Shortly before sentencing, defendant moved to withdraw his guilty plea. Supreme Court denied his motion without a hearing and sentenced him in accordance with the plea agreement. Defendant appeals.

We affirm. Initially, we consider whether defendant knowingly, voluntarily and intelligently waived his right to appeal. Supreme Court adequately explained to defendant that his right to appeal was separate from rights automatically forfeited upon pleading guilty. Defendant acknowledged that he had discussed the waiver of appeal with his attorney, he understood the consequences of the waiver, he verbally waived such right on the record and then executed a written appeal waiver. The appeal waiver is valid (*see People v Wicks*, 83 AD3d 1223, 1224 [2011]; *People v Thomas*, 71 AD3d 1231, 1231-1232 [2010], *lv denied* 14 NY3d 893 [2010]). Defendant's appeal waiver precludes his current challenge to Supreme Court's denial of his suppression motion (*see People v Passino*, 25 AD3d 817, 818 [2006], *lv denied* 6 NY3d 816 [2006]; *People v Carroll*, 21 AD3d 586, 586 [2005]), as well as his contention that the sentence was harsh and excessive (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]).

Defendant's contention that his motion to withdraw his plea should have been granted survives his appeal waiver (*see People v Smith*, 77 AD3d 1189, 1190 [2010]). However, "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v Russell*, 79 AD3d 1530, 1530-1531 [2010] [internal quotation marks and citations omitted]). Defendant's attempt to withdraw his plea appears to have been based upon his learning that the other participant in the crime received a less severe sentence. This fact does not establish a right to withdraw a plea. Defendant failed to submit evidence indicating that he did not commit the crime to which he pleaded guilty. The plea allocution established that defendant was fully apprised of the deal he was receiving, he indicated that he understood the terms of the deal and he related his willingness to enter into the agreement.

With respect to his further assertion in a letter to Supreme

Court that his counsel was ineffective, such statement is at odds with his statement on the record that he was satisfied with his counsel. Moreover, we have recently observed that " '[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Shurock*, 83 AD3d 1342, 1344 [2011], quoting *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). Here, counsel negotiated a favorable deal that significantly reduced defendant's potential prison sentence. We are unpersuaded that Supreme Court abused its discretion in denying defendant's motion to withdraw his plea (*see People v Singletary*, 51 AD3d at 1335).

Peters, J.P., Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.