THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANTIK T. SMITH, Also Known as CHAMP, Appellant. [932 NYS2d 913]—

McCarthy, J.

In satisfaction of a six-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree in exchange for an agreed-upon sentence of 2½ years in prison followed by a term of postrelease supervision between 1½ and 3 years. At sentencing, defendant moved to withdraw his guilty plea, contending that he was not guilty and that his plea was not knowingly and intelligently made. County Court denied the motion without a hearing and sentenced defendant in accordance with the plea agreement to 2½ years in prison followed by two years of postrelease supervision. Defendant appeals.

We affirm. The decision whether to allow a defendant to withdraw a guilty plea rests within the trial court's sound discretion, and a hearing is only required when the circumstances present a genuine question about the voluntariness of the plea (*see People v Moreno*, 86 AD3d 863, 864 [2011]; *People v Shurock*, 83 AD3d 1342, 1343 [2011]). Here, the record reveals that defendant was fully advised about the consequences of his plea, had the opportunity to discuss the matter with his attorney, understood the repercussions, and voluntarily and unequivocally admitted to the commission of the crime. Under the circumstances, we cannot say that County Court abused its discretion in denying defendant's application without a hearing based upon his unsubstantiated claims of innocence and ineffective assistance of counsel (*see People v Moreno*, 86 AD3d at 864-865; *People v Herringshaw*, 83 AD3d 1133, 1133-1134 [2011]).

Defendant next contends that he was improperly sentenced as a second felony offender, however, that claim is unpreserved for our review by virtue of his failure to make an objection at

sentencing (see People v Califano, 84 AD3d 1504, 1506 [2011], lv denied 17 NY3d 805 [2011]; People v Berry, 78 AD3d 1226, 1228 [2010], lv denied 16 NY3d 828 [2011]). In any event, defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender, a predicate felony statement was provided prior to sentencing, he admitted that he was the person convicted, and defense counsel, on defendant's behalf, declined the opportunity to controvert any aspect of the prior conviction. Under the circumstances, we find substantial compliance with CPL 400.21 (3) (see People v Glynn, 72 AD3d 1351, 1352 [2010], lv denied 15 NY3d 773 [2010]; People v Atkinson, 58 AD3d 943, 944 [2009]).

Defendant cannot be heard to complain that the presentence investigation report was incomplete when this situation was caused by his refusal to be interviewed by the Probation Department (see People v Ali-Rachedi, 34 AD3d 981, 981 [2006], lv denied 8 NY3d 878 [2007]; People v Rosado, 29 AD3d 430, 431 [2006], lv denied 7 NY3d 794 [2006]). Finally, defendant's contention that he was not made aware of the specific term of postrelease supervision imposed is not preserved for our review (see People v Lee, 80 AD3d 1072, 1073 [2011], lv denied 16 NY3d 832, 833 [2011]).

Rose, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.