THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOYCE, Appellant. [935 NYS2d 908]—

Kavanagh, J.

We affirm. Initially, taking into consideration all of the relevant facts and circumstances surrounding defendant's appeal waiver—including his age—we find that the waiver was knowing, intelligent and voluntary (*see People v Romano*, 45 AD3d 910, 914 [2007], *lv denied* 10 NY3d 770 [2008]). The record demonstrates that County Court adequately explained the terms of the plea, including that defendant was waiving his right to appeal separately from those other rights that he was forfeiting, the written appeal waiver was completed in open court and defendant stated that he discussed the waiver of appeal and its consequences with his counsel. Therefore, defendant validly

waived his right to appeal (*see People v Moreno*, 86 AD3d 863, 864 [2011]; *People v Jean-Francois*, 82 AD3d 1366, 1366 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Rosseter*, 62 AD3d 1093, 1094 [2009]).

While defendant contends that County Court erred in failing to consider him for youthful offender status, we note that defendant never requested it (*see People v Rudolph*, 85 AD3d 1492, 1492-1493 [2011]; *People v Hubbard*, 74 AD3d 1580, 1581 [2010]; *People v Hopper*, 39 AD3d 1030, 1031 [2007]) and, moreover, his claim that youthful offender status should be imposed is barred by his valid appeal waiver (*see People v Benson*, 87 AD3d 1228, 1229 [2011]; *People v Brabham*, 83 AD3d 1225, 1225 [2011]). Defendant's claim of ineffective assistance of counsel, to the extent that it implicates the voluntariness of his plea, survives his appeal waiver but is unpreserved for our review because he failed to move to vacate the judgment of conviction or withdraw his plea (*see People v Planty*, 85 AD3d 1317, 1318 [2011], *lv denied* 17 NY3d 820 [2011]). Finally, his claim that the sentence given was harsh and excessive is foreclosed by his valid waiver of appeal (*see People v Moreno*, 86 AD3d at 864; *People v Shurock*, 83 AD3d 1342, 1344 [2011]).

Mercure, A.P.J., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.