**13** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL A. WILSON, Appellant. [937 NYS2d 699]—

Stein, J.

We reject defendant's contention that County Court erred in denying his motion to withdraw his plea. "Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010] [internal quotation marks and citation omitted]; *see People v Sepulveda*, 65 AD3d 754, 755 [2009], *lv denied* 13 NY3d 941 [2010]). Here, defendant's claims that he was pressured into pleading guilty and was confused by the plea agreement are belied by the record. County Court engaged in a detailed colloquy during which defendant acknowledged the ramifications of his plea, including the rights he was relinquishing. Further, defendant unequivocally answered all of County Court's questions with no indication that he did not understand any aspect of the plea proceedings. Defendant also confirmed that he had not been threatened or forced into pleading guilty. Accordingly, we find that County Court did not abuse its discretion in denying defendant's application to withdraw his plea (*see People v Mitchell*, 73 AD3d at 1347; *People v Phillips*, 71 AD3d 1181, 1182-1183 [2010], *lvs denied* 15 NY3d 755 [2010]).

We also reject defendant's contention that he was denied the effective assistance of counsel. Counsel negotiated a favorable plea and there is nothing in the record that casts doubt on his effectiveness (*see People v Phillips*, 71 AD3d at 1184; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]). Further, the grounds on which defendant's claim is based—that counsel pressured him to plead guilty and failed to make certain pretrial motions, pursue the possibility of defend-

ant entering a drug treatment program and explore possible defenses—all involve matters outside the record and are more properly the subject of a CPL article 440 motion (*see People v Shurock*, 83 AD3d 1342, 1344 [2011]; *People v Aubrey*, 73 AD3d 1393, 1394 [2010], *lv denied* 16 NY3d 893 [2011]). Moreover, defendant's claim is belied by the record, in that defendant acknowledged during the allocution that he had not been coerced into pleading guilty and that he was satisfied with counsel's representation. Finally, as to defendant's assertion that the sentence imposed is harsh and excessive, we discern neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Goodman*, 79 AD3d 1285, 1286 [2010]; *People v Vargas*, 72 AD3d 1114, 1120 [2010], *lv denied* 15 NY3d 758 [2010]).

Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.