■ The People of the State of New York, Respondent, v Anthony P. Vallee, Appellant. [948 NYS2d 461]—

Spain, J.

Defendant waived indictment and was charged in a superior court information with one count each of robbery in the second degree, criminal possession of a weapon in the third degree, petit larceny and criminal possession of stolen property in the fifth degree. These charges stemmed from an incident whereby defendant and an accomplice robbed a store of over $700 after threatening the sales clerks with a realistic-looking pellet gun. At defendant's initial appearances, the People put on the record a plea offer of an aggregate of "[10] years in state prison with three years post-release supervision." During the plea allocution, County Court agreed not to impose any sentence "greater than that which is being offered by the [D]istrict [A]ttorney which is [10] years determinat[e] and three years post-release supervision." Defendant than pleaded guilty to all counts, after which the court reiterated to defendant its commitment that it would "not sentence [him] to more than [10] years and it may be less." At sentencing, the People again requested a sentence of 10 years in prison with three years of postrelease supervision. The court imposed a lesser sentence of eight years with five years of postrelease supervision. Defense counsel then requested a conference indicating that she thought that the court had previously promised a maximum sentence of seven years and requested that the court "check the record." After the court checked its notes, which confirmed the original plea offer and that seven years had never been the offer, defendant was sentenced as an admitted second felony offender to, among other things, an aggregate sentence of eight years in prison, followed by five years of postrelease supervision. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his subsequent CPL 440.10 motion claiming that he was denied the effective assistance of counsel.

Initially, addressing defendant's direct appeal, we conclude that defendant has not presented grounds for reversal. Significantly, "[n]othing in the record at the time of the plea discloses that his plea was unknowing or involuntary, or that it was rendered so due to counsel's representation" (*People v Deyo*, 82 AD3d 1503, 1504 [2011], *lv denied* 17 NY3d 815 [2011]). Here, defense counsel negotiated a favorable plea agreement, and the record confirms that County Court's unambiguous promise of a

sentence no greater than 10 years was put on the record—in the presence of defendant and his counsel—prior to his plea of guilty. Moreover, while defendant stated at sentencing that he would not have pleaded guilty had he "known" his potential sentence could exceed seven years, the court had unequivocally informed him on the record at the time of the plea of his sentencing exposure, and he specifically represented to the court at sentencing that he did not want to withdraw his plea. Any confusion or misapprehension regarding defendant's total prison exposure was belied by the record and promptly addressed by the court (*see People v Banks*, 305 AD2d 812, 812 [2003], *lv denied* 100 NY2d 578 [2003]). Inasmuch as defendant's plea allocution demonstrates "his full comprehension of the terms of his guilty plea" (*People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]), the judgment of conviction must be affirmed.

Turning to the denial of defendant's CPL 440.10 motion, which was supported solely by defendant's affidavit, we are similarly unpersuaded that reversal is required. To the extent that defendant's claim that his plea was not voluntary due to ineffective assistance of counsel is based upon information in the record and, thus, addressed on his direct appeal, it was not the proper subject of a CPL 440.10 motion (*see* CPL 440.10 [2] [b]; *People v Pecararo*, 83 AD3d 1284, 1287 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Lahon*, 17 AD3d 778, 780 [2005], *lv denied* 5 NY3d 790 [2005]). Moreover, denial of defendant's motion without a hearing was also justifiable given that an allegation of fact essential to support the motion was made solely by defendant and "is unsupported by any other affidavit or evidence" and, under these circumstances, "there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]; *see People v Hoffler*, 74 AD3d 1632, 1634-1635 [2010], *lv denied* 17 NY3d 859 [2011]).

Rose, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.