(December 13, 2012)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. CARBONE, Appellant. [956 NYS2d 221]—

Egan Jr., J.

We affirm. As a starting point, our review of the record reveals that defendant's waiver of the right to appeal was knowing, intelligent and voluntary. County Court explained the significance of the appeal waiver to defendant, and defendant confirmed his understanding thereof (*see People v Santana*, 95 AD3d 1503, 1503 [2012]) and executed a written waiver of the right to appeal (*see People v Tolliver*, 92 AD3d 1024, 1024 [2012]; *People v Moreno*, 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]). Although defendant now claims that his visual impairment calls into question the validity of his written waiver, the record reflects that County Court went to great lengths to orally explain the nature and consequences of the waiver to him. Accordingly, defendant's valid waiver of appeal precludes his present claim of judicial bias (*see People v Irvis*, 90 AD3d 1302, 1303 [2011], *lv denied* 19 NY3d 962 [2012], citing *People v White*, 81 AD3d 1039, 1039 [2011]), as well as his challenge to the consensual forfeiture of the vehicle used to transport the drugs and the cash contained therein (*see People v Sczepankowski*, 293 AD2d 212, 214-215 [2002], *lv denied* 99 NY2d 564 [2002]; *see generally People v Abruzzese*, 30 AD3d 219, 220 [2006], *lv denied* 7 NY3d 784 [2006]).

Turning to the merits, defendant's challenge to the voluntariness of his plea survives his waiver of appeal and, further, has been preserved for our review in light of his subsequent motion to withdraw (*see People v Ortiz*, 69 AD3d 966, 967 [2010]); nonetheless, we find his various arguments on this point to be lacking in merit. The record reflects that defendant was advised of the charges against him and the rights he would be forfeiting, professed his understanding thereof, indicated that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services, denied being under the influence of any substances that would impair his thinking and stated that he was entering into the plea of his own free will. Under these circumstances, we find that defendant's guilty plea was knowing, intelligent and voluntary (*see People v White*, 85 AD3d 1493, 1493-1494 [2011]; *People v Shurock*, 83 AD3d 1342, 1343 [2011]; *People v First*, 62 AD3d 1043, 1044 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Morrishaw*, 56 AD3d 895, 896 [2008], *lv denied* 12 NY3d 761 [2009]), and our conclusion in this regard is in no way undermined by defendant's baseless assertions that his plea was coerced and that he did not understand the nature

of the proceedings.* Further, in light of the extensive oral plea colloquy, we find no merit to defendant's claim that County Court failed to accommodate his visual impairment or that such impairment implicated the voluntariness of his plea. Finally, County Court misspoke when it accepted defendant's plea—stating that defendant was pleading guilty to criminal sale of a controlled substance in the second degree instead of criminal possession of a controlled substance in the second degree. It is clear from a review of the underlying colloquy, however, that "defendant pleaded guilty to the appropriate crime and was sentenced accordingly" (*People v Martinez*, 243 AD2d 923, 925 [1997]).

Defendant's claim that County Court abused its discretion in denying his motion to withdraw his plea without a hearing is equally unavailing. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v Shurock*, 83 AD3d at 1343 [internal quotation marks and citations omitted]; *accord People v Moreno*, 86 AD3d at 864; *see People v Copeman*, 77 AD3d 1187, 1188 [2010]).

Here, defendant's motion primarily centered around a claim of ineffective assistance of counsel—an argument that survives defendant's valid appeal waiver only to the extent that it impacts upon the voluntariness of his plea (*see People v Speranza*, 96 AD3d 1164, 1165 [2012]; *People v Jimenez*, 96 AD3d 1109, 1110 [2012]). To the extent that defendant asserts that his various attorneys pressured him to plead guilty and failed to properly investigate his case, demand certain hearings and review and/or request an updated presentence investigation report, such issues involve matters outside the record and, accordingly, are more properly entertained in the context of a CPL

---

* During the plea colloquy, defendant was asked whether there was any reason why he could not understand the nature of the proceedings, and he responded, without elaboration, "Yeah." Although County Court did not clarify this response, the allocution as a whole plainly reveals—based upon defendant's affirmative responses to County Court's inquiries—that he understood the nature and consequences of his plea and, further, was in the "proper frame of mind" to voluntarily enter a plea of guilty (*cf. People v Amidon*, 79 AD3d 1158, 1159 [2010], *lv denied* 16 NY3d 741 [2011]; *see People v Vallee*, 97 AD3d 972, 974 [2012] ["defendant's plea allocution demonstrate(d) his full comprehension of the terms of his guilty plea"] [internal quotation marks and citation omitted]). Accordingly, defendant's belated and unsubstantiated claims of confusion or coercion are insufficient to warrant vacatur of his plea (*see People v Miranda*, 67 AD3d 709, 710 [2009]; *People v Bowman*, 34 AD3d 935, 937 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Vazquez*, 34 AD3d 855, 855 [2006], *lv denied* 8 NY3d 850 [2007]).

article 440 motion (*see People v Wilson*, 92 AD3d 981, 981-982 [2012], *lv denied* 19 NY3d 1029 [2012]). Moreover, plea counsel negotiated a very advantageous plea agreement and succeeded in securing a sentencing commitment that was far less than the maximum, and defendant acknowledged that he had conferred with counsel prior to entering his plea and, more to the point, was satisfied with counsel's services. Under these circumstances, we conclude that defendant was afforded meaningful representation during the course of his plea (*see People v Moreno*, 86 AD3d at 865; *People v Shurock*, 83 AD3d at 1344; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]; *see also People v Ildefonso*, 89 AD3d 1327, 1327-1328 [2011]). Accordingly, defendant's motion to withdraw was properly denied.

As to the balance of defendant's ineffective assistance of counsel claim, it is well settled that the failure to make a particular pretrial motion or request a particular pretrial hearing does not necessarily constitute ineffective assistance of counsel per se (*see People v Bailey*, 80 AD3d 999, 1000 [2011], *lv denied* 18 NY3d 856 [2011]; *People v Gentry*, 73 AD3d 1383, 1384 [2010]) and, based upon our review of the record as a whole, we are satisfied that defendant's various attorneys provided meaningful representation. Defendant's remaining contentions, including his assertion that the legal standard employed in reviewing a motion to withdraw a guilty plea is unconstitutional, have been examined and found to be lacking in merit.

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.