McCarthy, J.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered October 22, 2012, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a 17-count indictment, defendant pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree and was sentenced pursuant to the terms of the plea agreement to two years in prison followed by two years of postrelease supervision. His current argument that his guilty plea was involuntary was preserved by his unsuccessful motion to withdraw his plea and survives his valid appeal waiver (see People v Carbone, 101 AD3d 1232, 1233 [2012]; People v Shurock, 83 AD3d 1342, 1343 [2011]); however, it is without merit. The record reveals that defendant unequivocally acknowledged that he understood the consequences of pleading guilty and, by his affirmative responses to County Court’s inquiries, freely admitted committing the crime to which he was pleading guilty (see People v Davis, 84 AD3d 1645, 1646 [2011], lv denied 17 NY3d 815 [2011]; People v Shurock, 83 AD3d at 1343). Furthermore, while defendant’s claim of ineffective representation survives his appeal waiver to the extent that such representation might have affected the voluntariness of his plea, defendant’s argument that counsel pressured him during certain conversations to accept the plea offer involves matters outside the record and is thus more properly raised in a CPL article 440 motion (see People v DeJesus, 96 AD3d 1295, 1295-1296 [2012]; People v Pendelton, 81 AD3d 1037, 1038-1039 *1203 [2011], lv denied 16 NY3d 898 [2011]). In all other respects, the record reflects that defendant received meaningful representation, culminating in a very favorable plea bargain (see People v Shurock, 83 AD3d at 1344; People v Chaney, 70 AD3d 1251, 1252-1253 [2010], lv denied 15 NY3d 748 [2010]).
Lahtinen, J.E, Garry and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.