### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 26, 2015                    106183
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT BARTON,
                        Appellant.
_____


Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                        _____


        Donnial K. Hinds, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from a judgment of the County Court of Albany County
(McDonough, J.), rendered July 31, 2013, convicting defendant
upon his plea of guilty of the crime of assault in the second
degree.

        Defendant pleaded guilty to assault in the second degree in
full satisfaction of a three-count indictment and waived his
right to appeal.  Prior to being sentenced, defendant moved to
withdraw his plea.  County Court denied the motion and thereafter
sentenced defendant, as a second felony offender, to three years
in prison, to be followed by five years of postrelease
supervision.  Defendant now appeals.

We affirm. Contrary to defendant's contention, the plea colloquy and the counseled written waiver executed by defendant reveal that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Munger, 117 AD3d 1343 [2014], lv denied 23 NY3d 1040 [2014]; People v Osgood, 111 AD3d 1029, 1030 [2013], lv denied 22 NY3d 1089 [2014]).

As to defendant's plea, the record reflects that County Court fully informed defendant of the terms of the plea agreement during the plea colloquy, including the negotiated sentence of three years in prison and five years of postrelease supervision. Defendant affirmed that he understood the terms prior to entering his plea, that he had been provided ample time to confer with counsel and that he was satisfied with his representation, and there is nothing in the record that casts doubt upon counsel's effectiveness (see People v Little, 92 AD3d 1036, 1037 [2012]; People v Graham-Harrison, 272 AD2d 780, 781 [2000]). Defendant's unsubstantiated claim of innocence was contradicted by his plea, and County Court was within its discretion to reject it (see People v Griffin, 89 AD3d 1235, 1236-1237 [2011]; People v Davis, 250 AD2d 939, 940-941 [1998]). Finally, defendant's contention that he was advised by defense counsel that he would be sentenced to two years in prison if he pleaded guilty involved a matter outside of the record (see People v Ramos, 63 NY2d 640-642 [1984]; People v Johnson, 77 AD3d 986, 986 [2010], lv denied 16 NY3d 743 [2011]). Accordingly, we find that County Court did not abuse its discretion in denying defendant's motion to withdraw his plea.

McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court