*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    106852
                                                       106853

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

DUSTIN J. TRIMM,
                    Appellant.
_____

Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

_____

        O'Connell & Aronowitz, Albany (Scott Iseman of counsel),
for appellant.

        Mary E. Rain, District Attorney, Canton (A. Michael Gebo of
counsel), for respondent.

_____

Peters, P.J.

        Appeals from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered August 5, 2013, convicting
defendant upon his plea of guilty of the crimes of manslaughter
in the first degree and criminal sexual act in the first degree
(two counts).

        In satisfaction of three indictments and certain uncharged
crimes against known victims, defendant pleaded guilty to
manslaughter in the first degree and two counts of criminal
sexual act in the first degree and waived his right to appeal.
Prior to sentencing, defendant moved to withdraw his plea,
claiming that it was not knowingly, intelligently and voluntarily

entered.  County Court denied the motion without a hearing and sentenced defendant, in accordance with the plea agreement, to an aggregate prison term of 32 years followed by 25 years of postrelease supervision.  Defendant appeals.

"The decision as to whether a defendant should be permitted to withdraw his or her guilty plea is committed to the sound discretion of the trial court and a hearing is only warranted when the record presents a genuine issue of fact with respect to its voluntariness" (People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014] [citations omitted]; see People v Brown, 14 NY3d 113, 116 [2010]; People v Abdullah, 122 AD3d 958, 959 [2014], lv denied 24 NY3d 1218 [2015]).  Here, County Court conducted a thorough and detailed plea colloquy, during which defendant confirmed his understanding of the terms of the plea agreement, the trial-related rights that he would be relinquishing and the consequences of pleading guilty.  He further stated that he had not been threatened or coerced into pleading guilty, and freely and unequivocally admitted to engaging in the conduct constituting the crimes at issue.  Defendant's claim that he had been under the influence of drugs at the time of the plea is in direct conflict with his acknowledgment during the allocution that he was not under the influence of any such substance, and he offered no evidence to support his assertion that his mental state prevented him from entering a voluntary guilty plea (see People v Johnson, 77 AD3d 986, 986 [2010], lv denied 16 NY3d 743 [2011]; People v Williams, 35 AD3d 971, 972 [2006], lv denied 8 NY3d 928 [2007]; People v Obert, 1 AD3d 631, 631-632 [2003], lv denied 2 NY3d 764 [2004]).  Further, defendant's unsubstantiated protestations of innocence, after having confessed to the crimes during the plea, are insufficient to warrant a hearing (see People v Barton, 126 AD3d 1238, 1239 [2015]; People v Abdullah, 122 AD3d at 960; People v Arnold, 102 AD3d 1061, 1062 [2013]).

With respect to defendant's contention that his plea was not voluntary because he was denied the effective assistance of counsel, his claims that counsel provided him with erroneous legal advice and failed to adequately explain the terms of the plea agreement concern matters outside of the record and are

properly the subject of a CPL article 440 motion (see People v Barton, 126 AD3d at 1239; People v Ramey, 123 AD3d 1290, 1291 [2014], lv denied 25 NY3d 953 [2015]; People v Cole, 118 AD3d 1098, 1100 [2014]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).  His claim of ineffectiveness is also contradicted by the plea allocution, during which he assured County Court that he had ample time to discuss the matter with the various attorneys that represented him, that he was satisfied with the services of his counsel and that, other than what had been put on the record as part of the agreement, no other promises had been made to him as to what sentence he would receive.  Indeed, counsel was able to secure a very favorable plea agreement in light of the number and severity of the crimes charged, and "nothing in the record at the time of the plea calls into question the voluntariness of [the] plea or indicates that it was rendered so due to counsel's representation" (People v Herringshaw, 83 AD3d 1133, 1134 [2011]; accord People v Brown, 115 AD3d at 1116; see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]; People v Wilson, 92 AD3d 981, 982 [2012], lv denied 19 NY3d 1029 [2012]).  Accordingly, County Court did not abuse its discretion in denying defendant's motion without a hearing.

          Lahtinen, McCarthy and Rose, JJ., concur.


          ORDERED that the judgment is affirmed.




                              ENTER:

                              Robert D. Mayberger
                              Clerk of the Court