Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered February 7, 2014, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
*1122 Defendant pleaded guilty to sexual abuse in the first degree, and his plea included a waiver of the right to appeal. Prior to being sentenced, defendant moved to withdraw his plea on the grounds that he was innocent and that his plea was not knowingly, intelligently and voluntarily made. County Court denied the motion without a hearing and sentenced defendant to 3V2 years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.
We affirm. Initially, based upon our review of the plea colloquy and the counseled written waiver, we are satisfied that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Donah, 127 AD3d 1413, 1413 [2015]; People v Long, 117 AD3d 1326, 1326 [2014], lv denied 24 NY3d 1003 [2014]). Therefore, defendant’s claim that his sentence is harsh and excessive is foreclosed (see People v Mayo, 130 AD3d 1099, 1100 [2015]; People v Oginski, 123 AD3d 1303, 1303 [2014], lv denied 26 NY3d 970 [2015]).
Turning to his plea, “[t]he decision as to whether a defendant should be permitted to withdraw his or her guilty plea is committed to the sound discretion of the trial court and a hearing is only warranted when the record presents a genuine issue of fact with respect to its voluntariness” (People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]; see People v Griffin, 89 AD3d 1235, 1236 [2011]). Here, the record reflects that County Court fully explained the ramifications of the guilty plea, including the rights being forfeited, and defendant affirmed his understanding thereof and thereafter freely admitted to facts that established the elements of the crime (see People v Smith, 89 AD3d 1328, 1328 [2011]; People v Moreno, 86 AD3d 863, 864 [2011], lv denied 17 NY3d 954 [2011]). Defendant’s claim of being under duress at the time of the plea is belied by the record, as he affirmed during the colloquy that he had been provided a full opportunity to discuss the plea with counsel, including potential defenses, and that he was not being forced into pleading guilty (see People v Phillips, 71 AD3d 1181, 1183 [2010], lv denied 15 NY3d 755 [2010]). Finally, defendant’s unsubstantiated claim of innocence was contradicted by his sworn plea admissions (see People v Barton, 126 AD3d 1238, 1239 [2015]; People v Smith, 77 AD3d 1189, 1190 [2010]). Accordingly, County Court did not abuse its discretion in denying defendant’s motion to withdraw his plea without a hearing.
Peters, P.J., Garry, Devine and Clark, JJ., concur.
Ordered that the judgment is affirmed.