*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 17, 2016                107148
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

CHRISTOPHER BELILE,
                    Appellant.
_____

Calendar Date:   February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Mark Schneider, Plattsburgh, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered September 15, 2014, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and attempted assault in the second degree.

        In satisfaction of two indictments and other pending charges, defendant pleaded guilty to grand larceny in the fourth degree and attempted assault in the second degree.  Prior to sentencing, defendant moved, by order to show cause, to withdraw his plea.  County Court denied the motion and sentenced defendant in accordance with the plea agreement to consecutive prison terms of 1⅓ to 4 years on the grand larceny conviction and 1 to 3 years on the attempted assault conviction.  This appeal by defendant ensued.

We are unpersuaded by defendant's contention that County Court erred in not conducting a hearing on defendant's request to withdraw his plea. Whether to permit a defendant to withdraw his or her guilty plea is within the discretion of the trial court and a hearing is not warranted unless the record reflects a genuine issue of fact with regard to the voluntariness of the plea (see People v Trimm, 129 AD3d 1215, 1216 [2015]). "Generally, a plea may not be withdrawn unless there is some evidence of innocence, fraud or mistake in the inducement" (People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010] [citations omitted]). Here, the basis for the withdrawal of the plea — the generalized assertions that defendant's judgment was clouded at the time of the plea due to unspecified medication taken by defendant and that defendant felt threatened due to threats from unidentified jail employees — is set forth in an affirmation by defense counsel and not substantiated by any affidavit by defendant. Furthermore, the minutes of the plea colloquy establish that defendant denied consuming alcohol or any medication of any type within the 24 hours preceding the allocution and he had not been forced, threatened or coerced, but was entering the guilty plea voluntarily after having sufficient time to discuss the plea deal with defense counsel. Moreover, defendant then unequivocally admitted to the acts constituting the crimes to which he pleaded guilty. As there is nothing that casts doubt upon defendant's guilt, the generalized and unsubstantiated basis for the request to withdraw his plea was insufficient to warrant a hearing (see People v Trimm, 129 AD3d at 1216; People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]; People v Carmona, 66 AD3d at 1241).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court