People v Nealon (2018 NY Slip Op 07786)





People v Nealon


2018 NY Slip Op 07786


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108736

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW NEALON, Appellant.

Calendar Date: October 17, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Justin C. Brusgul, Voorheesville, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered June 28, 2016, convicting defendant upon his plea of guilty of the crimes of strangulation in the second degree and criminal contempt in the first degree.
In full satisfaction of a four-count indictment, defendant agreed to plead guilty to one count of strangulation in the second degree and one count of criminal contempt in the first degree in exchange for prison terms of 3½ years for the strangulation conviction and 1 to 3 years for the contempt conviction — said sentences to be served concurrently — and a period of postrelease supervision. The plea agreement also included a waiver of the right to appeal. Prior to sentencing, defendant moved to withdraw his plea, contending, among other things, that he "felt pressured into taking a guilty plea [that he] did not want to take." The People opposed defendant's request, and County Court denied the motion without a hearing. Defendant thereafter was sentenced to the agreed-upon terms of imprisonment. This appeal ensued.
Initially, we agree with defendant that his waiver of the right to appeal was invalid, as County Court "did not advise defendant of the separate and distinct nature of the waiver" (People v Jaggarnine, 163 AD3d 1352, 1353 [2018]; see People v Morrow, 163 AD3d 1265, 1265 [2018]), and the court's brief exchange with defendant "fell short of ensuring that defendant appreciated the right that he was relinquishing and understood the consequences thereof" (People v Mallard, 163 AD3d 1350, 1351 [2018]; see People v Baker, 157 AD3d 1164, 1165 [2018]). Similarly, although defendant executed a written waiver of the right to appeal, County Court did not ask whether defendant had read the written waiver (see People v Thompson, 157 AD3d 1141, 1141 [2018]) and otherwise "made no attempt to ensure that defendant understood the contents or ramifications thereof" (People v McClain, 161 AD3d 1457, 1458 [2018] [internal quotation marks, brackets and citations omitted]; see People v Ortiz, 153 AD3d 1049, 1049 [2017]). As such, defendant is not precluded from challenging the severity of his sentence (see People v [*2]Gonzalez, 162 AD3d 1403, 1404 [2018]). Upon reviewing the record and considering the nature of the underlying crimes, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see generally People v Morrow, 163 AD3d at 1266).
Defendant's remaining claim — that his motion to withdraw his plea was improperly denied — is equally unpersuasive. "The decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court and, generally, such relief will be permitted only where there is evidence of innocence, fraud or mistake in the inducement" (People v Little, 92 AD3d 1036, 1036 [2012] [citations omitted]; see People v Conklin, 160 AD3d 1114, 1114-1115 [2018]). Notably, "[a] hearing is required only when 'the record presents a genuine issue of fact with respect to [the plea's] voluntariness'" (People v Khan, 139 AD3d 1261, 1262 [2016], lvs denied 28 NY3d 932, 934 [2016], quoting People v Crispell, 136 AD3d 1121, 1122 [2016], lv denied 27 NY3d 1149 [2016]). Defendant's conclusory assertion that he felt compelled to accept the guilty plea and his unsubstantiated claims of innocence are belied by the transcript of his plea colloquy, wherein he denied that he had been "pressured . . . in any way" to accept a guilty plea and assured County Court that he understood the nature of the proceedings, had been afforded sufficient time to confer with counsel, was satisfied with counsel's services and was pleading guilty of his "own free will." Under these circumstances, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Crispell, 136 AD3d at 1122; People v Trimm, 129 AD3d 1215, 1215-1216 [2015]; People v Wren, 119 AD3d 1291, 1292 [2014], lv denied 24 NY3d 1048 [2014]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.