People v Harrison (2019 NY Slip Op 07117)





People v Harrison


2019 NY Slip Op 07117


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

110174

[*1]The People of the State of New York, Respondent,
v
Michael Harrison, Appellant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Kathy Manley, Selkirk, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 8, 2018, convicting defendant upon his plea of guilty of the crime of identity theft in the first degree (two counts).
In satisfaction of a 14-count indictment, and other charged and uncharged offenses, defendant pleaded guilty to two counts of identity theft in the first degree and executed a waiver of the right to appeal. Prior to sentencing, defendant moved to withdraw his plea, claiming that it was not knowingly, intelligently and voluntarily entered. County Court denied the motion without a hearing. Consistent with the terms of the plea agreement, County Court thereafter sentenced defendant, as a second felony offender, to an aggregate prison term of 5 to 10 years. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy demonstrates that he knowingly, voluntarily and intelligently waived his right to appeal. The record reflects that, during the plea proceeding, County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement, and defendant indicated that he understood that the plea agreement required him to waive his right to appeal (see People v Cannelli, 173 AD3d 1567, 1567-1568 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea, and defendant acknowledged that he understood the nature of the waiver (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]). Defendant then signed a written appeal waiver in open court after conferring with counsel and assuring the court that he understood the written waiver, in which defendant indicated that he understood the ramifications of the waiver and that he was giving up his right to appeal in consideration of the plea agreement (see People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Watkins, 166 AD3d 1239, 1240 [2018], lv denied 33 NY3d 955 [2019]).
Although defendant's contention that County Court abused its discretion in denying his motion to withdraw his plea — which relates to the voluntariness of the plea — is not precluded by the appeal waiver (see People v Walker, 173 AD3d 1561, 1561-1562 [2019]; People v Farnsworth, 140 AD3d 1538, 1539 [2016]), we find this claim to be without merit. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Walker, 173 AD3d at 1562 [internal quotation marks and citations omitted]; see People v Hollenbeck, 152 AD3d 974, 975 [2017], lv denied 30 NY3d 1061 [2017]; People v Farnsworth, 140 AD3d at 1539). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; see People v Brown, 14 NY3d 113, 116 [2010]; People v Trimm, 129 AD3d 1215, 1215-1216 [2015]).
Here, County Court conducted a thorough and detailed plea colloquy during which defendant confirmed his understanding of the plea agreement, the trial-related rights that he was automatically forfeiting by pleading guilty and the consequences of pleading guilty. Defendant stated that he had not been threatened, coerced or forced into pleading guilty and admitted to engaging in the conduct constituting the crimes to which he pleaded guilty. Defendant also assured County Court that he was afforded a full opportunity to speak with defense counsel about all of the relevant issues in his case, the evidence against him and any possible defenses that he might have had and indicated that he was satisfied with counsel's legal representation in this matter. Defendant's claim that he, prior to being transported to County Court from jail, had used marihuana and was under the influence of that drug when he pleaded guilty is belied by his statements made during the plea colloquy during which defendant stated to the court that he was thinking clearly and not under the effects of any medication. As there is nothing in the record to substantiate defendant's contentions or cast doubt upon defendant's guilt, County Court did not abuse its discretion in denying defendant's motion to withdraw his plea without a hearing (see People v Gasparro, 139 AD3d 1247, 1248 [2016], lv denied 28 NY3d 929 [2016]; People v Belile, 137 AD3d 1427, 1428 [2016], lv denied 27 NY3d 1128 [2016]; People v Trimm, 129 AD3d at 1216).
Defendant also argues that he was deprived of his statutory right to a speedy trial. This claim, however, was forfeited by defendant's guilty plea and is also precluded by his valid appeal waiver (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Friscia, 51 NY2d 845, 847 [1980]; People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]). With regard to defendant's claim that his plea was involuntary because he was denied the effective assistance of counsel, his contentions that prior counsel pressured him into accepting the plea agreement and failed to investigate and discuss with him certain charges concern matters outside of the record and are properly the subject of a CPL article 440 motion (see People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied 27 NY3d 1066, 1072 [2016]; People v Trimm, 129 AD3d at 1216).
Garry, P.J., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.