■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO RODRIGUEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PEREZ, Appellant. [604 NYS2d 953] —Judgments, Supreme Court, New York County (Charles Tejada, J.), rendered February 13, 1992, convicting defendants, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing them, as second felony offenders, to terms of 4½ to 9 years (Perez) and 5 to 10 years (Rodriguez), unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, the People's evidence clearly established the defendants' guilt beyond a reasonable doubt (People v Contes, 60 NY2d 620, 621). Credibility is properly determined by the trier of the facts (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). The jurors reasonably chose to credit the corroborated testimony of a trained undercover narcotics officer who bought heroin from the defendants, radioed a detailed description of them, and identified them upon their arrest and later at the stationhouse.

The prosecutor's summation was a fair response to the defense argument that the police officers had framed the defendants and had lied about the circumstances of their arrests (see, People v Davis, 61 NY2d 202, 207; People v York, 133 AD2d 130, 133, lv denied 70 NY2d 939).

Defendant Rodriguez' contention that the trial court improperly failed to marshal the evidence is both unpreserved and without merit, and we decline to review it in the interest of justice. Were we to review, we would note that there is no requirement that the trial court marshal evidence and explain either the defendant's or People's theories and proof (CPL 300.10 [2]; People v Saunders, 64 NY2d 665, 667). The decision of the trial court not to marshal the evidence was proper and, since neither the People's nor defendants' evidence was marshaled, the charge was fair and balanced. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.