■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SHANNON, Appellant. [616 NYS2d 615] —Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered July 28, 1989, convicting defendant, upon a jury verdict, of murder in the second degree and sentencing him to a term of 18 years to life imprisonment, to be served concurrently with a Federal conviction, unanimously affirmed.

Defendant's guilt of the murder of Michael Holly was overwhelmingly established through tape recorded conversations in which he admitted to the planning of the murder and the driving of the getaway car following Holly's murder on a city street. Defendant's claims with respect to the trial court's evidentiary rulings are either meritless, unpreserved or of a non-prejudicial nature in view of the clear evidence of guilt.

An indicted codefendant's pretrial plea allocution was properly admitted at defendant's trial as a declaration against

728

penal interest *(People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948). The codefendant was unavailable to testify at trial since he invoked his Fifth Amendment privilege with respect to a pending appeal of a Federal conviction which also concerned the Holly murder *(see, People v Chambers,* 184 AD2d 716, 717-718). There were sufficient indicia of reliability concerning the statements at plea and the codefendant was clearly aware that the statement was contrary to his penal interest. Thus, the plea allocution was properly admitted.

Additional statements of the codefendants made after the murder were not admitted under the coconspirator exception to the hearsay rule but, rather, as admissions against penal interest. The limited proof of the uncharged crimes which necessarily came out at trial was permissible to show motive and as necessary background for the jury *(see, People v Rachles,* 177 AD2d 357, 358, *lv denied* 79 NY2d 952). Additionally, defendant never objected to the court's charge or marshalling of the evidence and therefore his present claim that evidence favorable to him was not marshalled for the jury is not preserved *(People v Rodriguez,* 199 AD2d 72, *lv denied* 83 NY2d 809). In any event, since the court did not marshal the evidence for or against either party, the defendant may not complain *(supra).*

We have considered the defendant's other contentions and find they do not warrant modification of the judgment. Concur —Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.