■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUYOUNG YUN, Appellant. [33 NYS3d 216]—

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered on or about July 2, 2014, as amended August 15, 2014, convicting defendant, after a jury trial, of predatory sexual assault, kidnapping in the second degree and burglary in the first degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

Defendant was not entitled to a mistrial based on revelations during trial that, although the victim had provided the People with certain relevant messages on her cell phone, which were duly disclosed to defendant, she had deleted other allegedly relevant messages before meeting with the prosecutor, and

that she subsequently sold the phone with the prosecutor's approval. The People were not obligated to acquire evidence with potential exculpatory or impeachment value from private parties (*People v Hayes*, 17 NY3d 46, 51 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]; *People v Reedy*, 70 NY2d 826 [1987]), or to "prevent the destruction of [such] evidence" (*People v Banks*, 2 AD3d 226, 226 [1st Dept 2003], *lv denied* 2 NY3d 737 [2004]). In any event, defendant received suitable remedies by way of a stipulation that explained the circumstances to the jury, as well as the court's offer of an opportunity for further cross-examination if desired.

The court also properly exercised its discretion in denying defendant's mistrial motion based on the People's delayed disclosure of their discussion with the victim of the possibility that she could improve her immigration situation through a special visa for certain types of crime victims. Defendant received a full opportunity during trial to exploit this information for whatever impeachment value it may have had (*see People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]).

The evidence established the element of serious physical injury (Penal Law § 10.00 [10]). Defendant rendered the victim unconscious by choking her, and the People's expert testified that choking capable of causing a loss of consciousness poses a substantial risk of death (*see People v Abreu*, 283 AD2d 194, 194-195 [1st Dept 2001], *lv denied* 96 NY2d 898 [2001]).

Defendant did not preserve his contentions regarding his kidnapping conviction, his claim that the prosecutor constructively amended the indictment by arguing an improper theory of guilt, and his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or col-

lectively, they deprived defendant of a fair trial or affected the outcome of the case. Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.