The People of the State of New York, Respondent,
against
Eddie Luciano, t/n Eddy Luciano, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered March 16, 2012, after a jury trial, convicting him of six counts of criminal contempt in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.), rendered March 16, 2012, affirmed.
We reject defendant's contention that the accusatory instrument was jurisdictionally defective because it failed to allege his knowledge of the underlying order of protection, an essential element of the crime of criminal contempt in the second degree (see Penal Law § 215.50[3]; People v Sosa, 118 AD3d 509, 510 [2014], lv denied 24 NY3d 1123 [2015]). Inasmuch as the July 31, 2011 temporary order of protection referenced in the accusatory instrument, which was filed with the court along with the supporting deposition, indicates that defendant was "present in court," "advised in court of issuance and contents of Order," and that the order was "personally served on defendant in court," it can be inferred that defendant had knowledge of the order of protection (see People v Inserra, 4 NY3d 30, 33 [2004]).
Defendant's contention that the court constructively amended the accusatory instrument to reflect that his actions violated a subsequent (August 11, 2011) temporary order of protection, which overlapped the effective term of the July 31, 2011 order, is a claim requiring preservation (see People v Suyoung Yun, 140 AD3d 402, 403 [2016], lv denied 28 NY3d 937 [2016]; People v Whitecloud, 110 AD3d 626 [2013], lv denied 22 NY3d 1142 [2014]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we hold that the variance between the terms of the charges as set forth in the accusatory instrument and the terms of the jury charges delivered by the trial court did not alter the theory of prosecution, and did not surprise or prejudice defendant (see People v Easton, 307 NY 336 [1954]; People v Tancredi, 2003 NY Slip Op 50583[U] [App Term, 1st Dept 2003], lv denied 100 NY2d 566 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 02, 2017