People v Pohl (2018 NY Slip Op 02997)





People v Pohl


2018 NY Slip Op 02997


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


481 KA 13-00469

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJAMIN D. POHL, DEFENDANT-APPELLANT. 






FRANK M. BOGULSKI, BUFFALO, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered July 12, 2012. The judgment convicted defendant upon a jury verdict of, inter alia, aggravated criminal contempt (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of aggravated criminal contempt (Penal Law § 215.52 [1]) arising from his violation of two orders of protection. With respect to three of those four counts, defendant contends that the conviction is not supported by legally sufficient evidence that he caused physical injury to the complainant for whose protection the orders of protection were issued. That contention is not preserved for our review because defendant failed to raise it in his motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, it lacks merit. With respect to count two, the complainant's testimony that defendant choked her into unconsciousness is legally sufficient to establish that he caused her physical injury (see People v Ryder, 146 AD3d 1022, 1025 [3d Dept 2017], lv denied 29 NY3d 1086 [2017]; see also People v Suyoung Yun, 140 AD3d 402, 403 [1st Dept 2016], lv denied 28 NY3d 937 [2016]). With respect to count nine, her testimony that defendant punched and kicked her already broken ribs while screaming that he would be "more than happy" to break her ribs further, and that her ribs caused her so much pain the following night that she could not sleep, is legally sufficient to establish that he caused her physical injury (see generally People v Chiddick, 8 NY3d 445, 447-448 [2007]). With respect to count 12, her testimony that defendant punched her in the face until she lost consciousness is legally sufficient to establish that he caused her physical injury (see People v Wise, 99 AD3d 584, 584-585 [1st Dept 2012], lv denied 21 NY3d 1011 [2013]). Viewing the evidence in light of the elements of the crime of aggravated criminal contempt as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to those three counts (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that Supreme Court committed reversible error when it failed to conduct an inquiry pursuant to People v Gomberg (38 NY2d 307 [1975]) upon learning that defense counsel had represented the complainant in a prior case. Defendant "failed to meet his burden of establishing that the conduct of his defense was in fact affected by the operation of the conflict of interest' " (People v Smart, 96 NY2d 793, 795 [2001]; see People v Pandajis, 147 AD3d 1469, 1470 [4th Dept 2017], lv denied 29 NY3d 1084 [2017]). Here, defense counsel's prior representation of the complainant involved an entirely different incident that bore no relation to this case.
" By failing to move to dismiss the indictment within the five-day statutory period on the ground that he was denied his right to testify before the grand jury, defendant . . . waived his right to testify before the grand jury and his contention that the indictment should have been dismissed [*2]based on the denial of his right to testify before the grand jury lacks merit' " (People v Hirsh, 106 AD3d 1546, 1547 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]; see People v Cherry, 149 AD3d 1346, 1346 [3d Dept 2017], lv denied 29 NY3d 1124 [2017]). Furthermore, defendant failed to preserve for our review his contention that the indictment should be dismissed on speedy trial grounds (see People v Tirado, 109 AD3d 688, 690 [4th Dept 2013], lv denied 22 NY3d 959 [2013], reconsideration denied 22 NY3d 1091 [2014], cert denied — US &mdash, 135 S Ct 183 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, the court lawfully sentenced him consecutively on counts seven and nine inasmuch as defendant committed the conduct charged in those counts through "separate and distinct acts" (People v Brahney, 29 NY3d 10, 15 [2017], rearg denied 29 NY3d 1046 [2017]). Indeed, the complainant left the house, went to the hospital, and returned from the hospital during the period of time between the commission of those acts. Finally, the sentence is not unduly harsh or severe.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court