People v Williams (2021 NY Slip Op 00124)





People v Williams


2021 NY Slip Op 00124


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Ind No. 4675/13 4675/13 Appeal No. 12854 Case No. 2016-1213 

[*1]The People of the State of New York, Respondent,
v
Glenn Williams, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jeffrey Dellheim of counsel), for appellant.
Cyrus R. Vane, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 5, 2015, as amended August 17, 2015, convicting defendant, after a jury trial, of robbery in the first degree, strangulation in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.
Defendant's challenges to the court's responses to jury notes are unpreserved, and we decline to review them in the interest of justice. Defense counsel agreed with the court's proposed responses, and did not except to the supplemental instructions as given (see People v Davis, 223 AD2d 376, 377 [1st Dept 1996], lv denied 88 NY2d 846 [1996]). As an alternative holding, we find that the court provided meaningful responses (see People v Malloy, 55 NY2d 296 [1982], cert denied 459 US 847 [1982]). The court's rereading of the relevant charges and definitions directly and adequately addressed the jury's simple requests in the first four and seventh notes. The court also meaningfully responded to the fifth and sixth notes seeking clarification on whether strangulation to the point of unconsciousness proved a "serious physical injury" through creation of a "substantial risk of death" (see Penal Law § 10.00 [10]). The questions appear to stem from jury confusion created by the People's expert's testimony that choking to the point of unconsciousness necessarily leads to a "substantial risk of death," which is inconsistent with the statutory scheme of first- and second-degree strangulation (see Penal Law §§ 121.12, 121.13). In response to these notes, the court reread the charges; instructed the jury that it was not to "talk in generalities," but to determine only "whether in this case the standards have been met beyond a reasonable doubt" based on "the facts as you have seen them"; and made clear that the jurors were to reach the second-degree count only if they found defendant not guilty of first-degree strangulation. Such responses, which laid out the applicable legal principles, were meaningful. The court was not to direct how the facts were to be evaluated (see People v McTiernan, 176 AD3d 484, 485 [1st Dept 2019], lv denied 34 NY3d 1161 [2020]), or required to "marshal the evidence or explain the parties' theories and proof" (People v Batista, 209 AD2d 326, 327 [1st Dept 1994], citing People v Rodriguez, 199 AD2d 72, 72 [1st Dept 1993]). To the extent defendant argues that the court should have corrected jury misapprehension, reflected in the fifth note, that first-degree strangulation required an intent to cause serious physical injury but not necessarily that it caused serious physical injury, we reject it as being raised for the first time in the reply brief.
In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]). The evidence established beyond a reasonable doubt that defendant, by choking the victim to unconsciousness, caused a "serious physical injury" by creating a "substantial risk of death" (see People v Suyoung Yun, 140 AD3d 402, 403 [1st Dept 2016], lv denied 28 NY3d 937 [2016]).
Defendant's argument that the court committed a "mode of proceedings" error by failing to convey to defensse counsel the full contents of one of the jury notes (see People v O'Rama, 78 NY2d 270, 279 [1991]) is contradicted by the record reflecting that defense counsel read the note before the court read it into the record.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: January 12, 2021